929 F.2d 695
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harry Kenneth FLOYD, Defendant-Appellant.
 No. 90-5477.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 15, 1991.
Decided April 8, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Solomon Blatt, Jr., Senior District Judge. (CR-89-124-2)
 Stephen P. Scaring, Mineola, N.Y., for appellant.
 E. Bart Daniel, United States Attorney, Robert H. Bickerton, Assistant United States Attorney, Charleston, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and GRAHAM CALDER MULLEN, United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Harry Kenneth Floyd appeals his sentence under the Sentencing Guidelines for possession with intent to distribute cocaine. We granted the appellant's unopposed motion to submit this case on the briefs, and now affirm.
 
 
 2
 The primary issue on this appeal is the district court's finding as to the weight of the cocaine involved in "relevant conduct." On April 16, 1989, Joseph Battista was arrested after purchasing 664 grams of cocaine from appellant. Battista then agreed to cooperate with authorities, and he returned to buy more cocaine from Floyd on April 23, 1989. Battista wore a concealed recording device, and the government introduced a tape recording of the transaction at Floyd's sentencing. The district court found that appellant intended to distribute two kilograms and keep one for himself, in addition to the 664 grams in the original sale to Battista. Appellant claims that only two kilograms were involved. Under appellant's version, his base offense level would be 28 instead of 30.
 
 
 3
 We must affirm the district court's finding of fact unless it is clearly erroneous. United States v. Daughtrey, 874 F.2d 213, 217-19 (4th Cir.1989). The tape recording reveals that Floyd delivered one kilogram to Battista at the meeting, and the two made arrangements to meet shortly thereafter to exchange another. In addition, Floyd clearly stated that "the last one will be mine." The district court concluded that three kilograms were involved, and we cannot say that its conclusion was erroneous, let alone clearly so.
 
 
 4
 Appellant also argues that he was denied his right to confront witnesses by the admission of the testimony of a special agent at sentencing, instead of the live testimony of Battista. We review district court rulings on evidence admitted at sentencing hearings under an abuse of discretion standard. Hearsay is more freely admissible at sentencing than trial, United States v. Roberts, 881 F.2d 95, 105 (4th Cir.1989), and the testimony challenged here is thoroughly corroborated by the recording of the drug transaction. Accordingly, we perceive no abuse of discretion.
 
 
 5
 The judgment is affirmed.
 
 
 6
 AFFIRMED.